IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


VINCENT M. COOPER                                          PETITIONER


vs.                    Civil Case No. 5:07CV00046 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than ten (10) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

The facts and procedural history of this case were set forth in the second Partial Recommended Disposition ("PRD")(DE #32) and adopted by the District Court on May 19, 2008 (DE #38), and the court will not repeat them here except as necessary.  Petitioner is represented by court-appointed counsel, Hon. J. Blake Hendrix.  Petitioner has filed a pro se Motion for Default Judgment (DE #51), which will be denied.

In this petition, Petitioner challenges his convictions on April 26, 2005, of aggravated robbery and attempted robbery, for which he was sentenced to consecutive sentences of twenty-five

years and five years respectively.  This court submitted the PRD on February 28, 2008, and Petitioner filed Objections with the assistance of counsel (DE #37).  When the District Court adopted the findings in the PRD, the court dismissed all of Petitioner's claims, except his challenge to the sufficiency of the evidence in ground three and his assertion in ground four that counsel was ineffective for failing to "sequester" jurors properly during voir dire and his actual innocence should excuse his procedural default of his ineffective assistance of counsel claim (DE #38).  Both parties have filed additional pleadings addressing  these issues.

I.

The court will first address Petitioner's sufficiency of the evidence claim, as required by <u>Dretke v. Haley</u>, 541 U.S. 386, 393-94 (2004)("[F]ederal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default.").

Petitioner alleged in ground three in his petition that the circumstantial evidence at trial was not sufficient to establish the identity of the robber.  In its PRD, the court found his arguments regarding this claim were unclear and directed counsel to clarify them.

In his Objections to the PRD (DE #37), Petitioner argues the evidence was insufficient to sustain the aggravated robbery

conviction because the State did not prove he was the robber beyond a reasonable doubt, and the evidence presented, at best, a suspicion of his guilt based on his presence in the area two days later wearing a jacket similar to the one worn by the robber. He argues the only evidence supporting his attempted robbery conviction was his presence in the same vicinity as a hood and candy cane wrapped in a sheet, and that this did not fulfill the State's burden of proving he engaged in a substantial step toward the commission of a robbery on February 17th, pursuant to A.C.A. § 5-3-201.

Petitioner challenged the sufficiency of the evidence to support both convictions on direct appeal. The Arkansas Court of Appeals found that the State presented testimony from the clerk of an EZMart, who stated the store was robbed about 3:30 a.m. on February 15, 2002, by a man dressed in a checkered or plaid jacket that was predominantly red. The man had a sheet over his head with two holes cut out for his eyes, and he carried an object that appeared to be a gun, which he had covered with a white cloth. Cooper v. State, NO. CACR 05-818, 2006 WL 477634 at *2 (Ark.App. March 1, 2006).

On February 17, Officer Jody Stubbs set up surveillance in his police car across the street from the store about 1:30 a.m. He had received information that the robber was a black male who wore a white mask, a red and blue plaid jacket and blue jeans. From his

car, he observed a black male in a red and blue plaid jacket, who had something white in his hand, walking alone toward the front of the store.  He stated the man was "hugging the wall, 'kind of looking around to see if he could spot anyone.'"  Id.  When the man spotted the patrol car, he turned around and walked briskly back the way he had come, momentarily disappearing from the officer's sight somewhere at the end of the building and near a dumpster. Officer Stubbs drove his car across the street to the store, and he saw Petitioner appear from behind the dumpster.  Stubbs asked him where his jacket was, and Petitioner stated he had not been wearing one.  Stubbs was positive Petitioner was the man he had just seen. Because Petitioner appeared intoxicated, Stubbs arrested him for public intoxication.  Id.

After another officer arrived, Stubbs walked to the rear of the dumpster area, from where he had seen Petitioner emerge, and he found the jacket he believed Petitioner had been wearing, under which he also found a mask made out of a white sheet with eye holes cut in it.  Stubbs also testified he found a piece of plastic pipe, which the prosecutor referred to as part of a candy cane, wrapped in a white cloth, similar to the mask material, which made it look like a pistol barrel.  He also found a white sock and a piece of sheet similar to the material with the eye holes.  Id.

Ramona Bailey, the mother of Petitioner's son, testified she lived near the store and that, although Petitioner did not live

5

with her, he came by regularly to see their son; that Petitioner
left her house late in the evening of February 14, 2002; that
Petitioner had been drinking and they had an altercation the night
of February 16, and he left her house after midnight on February
17; that Officer Chattaway came to question her, and he took away
a candy cane stick that had been a yard ornament, but that
"'everybody' in the apartment complex had the candy-cane
ornaments.'" Id. at 3.  Officer Chattaway testified the piece of
plastic found inside the sock matched the piece of plastic
Christmas decoration he took from Bailey's residence.   Id.

The Court of Appeals found the evidence was sufficient to
support both convictions.

> We disagree with Cooper's third point on appeal, that the
> State did not introduce sufficient evidence that he was
> the perpetrator of the aggravated robbery and attempted
> robbery. Officer Stubbs testified that Cooper, wearing
> the plaid jacket and carrying something white, was
> walking next to the E-Z Mart in the early morning of
> February 17; he and his clothing matched information that
> Stubbs had received about the perpetrator of an armed
> robbery at the store on February 15. After noticing
> Officer Stubbs, Cooper briskly walked away and reappeared
> without the white object or the jacket. In the area where
> Cooper momentarily disappeared, Stubbs found the jacket,
> a sheet with eye holes in it, and a white sock wrapped
> around a broken plastic candy cane. The other piece of
> the candy cane was found in the nearby apartment where
> Cooper had visited shortly before the times of both
> offenses. Cooper argues on appeal that there are gaps and
> inconsistencies in the descriptions Wheaton gave of the
> robber, that Officer Stubbs did not have him in his line
> of sight the entire time, and that Bailey stated there
> were numerous candy-cane ornaments in her neighborhood.
> These arguments, however, were matters within the realm
> of the jury.

6

<u>Id.</u> at 4.

Where the state court has addressed an issue, a habeas petitioner may obtain relief only if he demonstrates the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence" presented in state court.  28 U.S.C. § 2254(d)(1), (2).

> A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411, 120 S.Ct. 1495. "In other words, the state court's application might be erroneous in our independent judgment without being 'objectively unreasonable.' " <u>Clemons v. Luebbers</u>, 381 F.3d 744, 750 (8th Cir.2004) (quoting <u>Wiggins v. Smith</u>, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)).

<u>Engesser v. Dooley</u>, 457 F.3d 731, 736 (8th Cir. 2006).

In reviewing a sufficiency of the evidence challenge, the long-standing test is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original).  The essential elements of a crime are defined by state law. <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994).

Circumstantial evidence is to be treated no differently than direct evidence and to establish guilt such evidence need not be conclusive nor prove an absolute impossibility of innocence. <u>Lenza v. Wyrick</u>, 665 F.2d 804, 812 (8th Cir. 1981).  The state is not required to rule out every hypothesis except guilt beyond a reasonable doubt, and when evidence allows conflicting inferences a reviewing court must presume the jury resolved the conflicts in favor of the state.  <u>Jackson v. Virginia</u>, 443 U.S. at 326; <u>Flieger v. Delo</u>, 16 F.3d at 883.

Attacks on the reliability or credibility of witnesses do not amount to challenges to the sufficiency of the evidence.  <u>See Schlup v. Delo</u>, 513 U.S. 298, 330 (1995).  Questions of credibility are for the jury to decide and a habeas court must presume the jury resolved any conflicting evidence concerning the credibility of witnesses in favor of the prosecution.  <u>See</u> <u>Gibbs v. Kemna</u>, 192 F.3d 1173, 1176 (8th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 846 (2000).

Given the restrictions of the <u>Williams</u> and <u>Jackson</u> standards and the record in this case, I find it was not unreasonable for the state court to decide there was sufficient evidence to support Petitioner's conviction of aggravated robbery.  The officer testified he could clearly see Petitioner when he first appeared, that he was positive Petitioner was the person who appeared first in a plaid jacket and moments later, after he had stepped out of

sight, without the jacket.   Tr. at 84.[1]   The victim positively
identified the jacket and the white cloth with eye holes in it as
items worn by the robber.   Tr. at 43-4.   A rational juror could
have found Petitioner was the robber beyond a reasonable doubt.

In addition, it was not unreasonable for the state court to
decide there was sufficient evidence to support Petitioner's
conviction of attempted robbery.   Petitioner argues the evidence
did not show he took a substantial step toward committing the
crime.   However, a rational trier of fact could have found his
return to the store with the items he had used in committing the
robbery two nights before was a substantial step toward committing
robbery again.   Petitioner is not entitled to relief on ground
three.

## II.

Petitioner's ground four is not a sequestration issue, even
though Petitioner characterizes it as such in his petition.   In his
Objections he states his claim is that

> "trial counsel was ineffective for failing to challenge
> a juror for cause.  More accurately, he maintains that a
> juror engaged in misconduct in violation of his right to
> an impartial jury."

Petitioner's Objections to the PRD (DE #37) at 11.

---

[1]   The transcript pages are numbered at the top and the
bottom.   The court will refer to the transcript using the top
numbers.

The claim is based on Petitioner's assertion that Kandis Montgomery, a State's witness, gave a statement in which she alleged Petitioner hit her when she attempted to stop him from physically attacking Ms. Bailey earlier in the evening on the night he was arrested. Kandis Montgomery did not testify at Petitioner's trial, but her daughter Timika Montgomery was chosen as a member of the jury (Tr. 99). Petitioner contends in his petition that Ms. Bailey referred to Ms. Montgomery and this incident during her testimony at trial.

The transcript of the trial reveals that Ramona Bailey mentioned Kandis Montgomery's name at least twice during her testimony (Tr. 177-78), and she testified about having a physical altercation with Petitioner (Tr. 153, 163), but she did not testify that Ms. Montgomery intervened in the altercation, or that Petitioner hit Ms. Montgomery.

Petitioner's trial counsel brought the relationship to the court's attention. The prosecutor stated Ms. Montgomery was not listed as a potential witness, and therefore there had been no inquiry to the jury about any relationship with her, and that the defense knew about Ms. Montgomery's connection with the case and could have inquired about it (Tr. 199). Defense counsel moved for a mistrial, and the trial court ruled that, if there were a problem, he would not declare a mistrial, but he would simply allow the alternate juror to serve in Timika Montgomery's place. He

denied the motion for a mistrial, and gave defense counsel the opportunity to question the juror.   After a conference with the defendant, defense counsel declined to make an inquiry, apparently believing that Ms. Bailey had not mentioned Ms. Montgomery's name. Tr. 200-01.

> Failure to ask the questions necessary to expose bias at voir dire can result in waiver of objections to a juror. See United States v. Williams, 77 F.3d 1098, 1100-01 (8th Cir.), cert. denied, 519 U.S. 967, 117 S.Ct. 392, 136 L.Ed.2d 308 (1996); Johnson v. Armontrout, 961 F.2d 748, 754 (8th Cir.1992) (if defendant fails to object to juror, has Sixth Amendment claim only if proves actual bias).

U.S. v. Tucker, 137 F.3d 1016, 1029 (8th Cir. 1998).

> In other words, "a juror's [apparent] dishonesty is not a [sufficient] predicate to obtaining a new trial." Cannon v. Lockhart, 850 F.2d 437, 440 (8th Cir. 1988). Instead, because the "central concern" in habeas cases is "the fundamental fairness of the proceeding," Strickland, 466 U.S. at 697, 104 S.Ct. 2052, "[t]he focus is on bias," Cannon, 850 F.2d at 440, and "only those reasons [for failing to disclose information] that affect a juror's impartiality can truly be said to affect the [fundamental] fairness of a trial," McDonough Power Equipment, Inc., 464 U.S. at 556, 104 S.Ct. 845. For habeas corpus purposes, such "bias may be found either by an express admission, or by proof of specific facts which show such a close connection to the facts at trial that bias is presumed." Burton v. Johnson, 948 F.2d 1150, 1158 n. 10 (10th Cir. 1991).

Fuller v. Bowersox, 202 F.3d 1053, 1056 (8th Cir. 2000).[2]

---

[2]A more recent panel of the Eighth Circuit has recognized its cases are inconsistent as to whether juror bias may ever be presumed. Sanders v. Norris, 529 F.3d 787, 791-92 (8th Cir. 2008) (Comparing Goeders v. Hundley, 59 F.3d 73, 75-76 (8th Cir. 1995)(claim of ineffective assistance of counsel for failing to strike biased juror required showing of actual bias), and United States v. Kelton, 518 F.2d 531, 532 (8th Cir. 1975)(per

In his Objections (DE #37) at 11, Petitioner argues all jurors were asked if they had any personal knowledge of the case (Tr. 59) and whether they were related by blood or marriage to Cooper, or knew him from any business or social relationship (Tr. 61), but Ms. Montgomery did not respond.  He contends "it is fair to infer" from the fact that Timika Montgomery was Kandis' daughter, that Timika knew about the case and knew Petitioner, that she was dishonest in not revealing her knowledge during voir dire, and that she was biased against him.  He contends her actions violated his Sixth Amendment right to an impartial jury.

I do not find these facts show actual bias.  There is no showing there was more than peripheral involvement of Ms. Montgomery with the parties in the case.  In addition, there is no evidence in the record that confirms there was a physical altercation between Petitioner and Ms. Montgomery.  Without such evidence, Ms. Montgomery's only involvement with the case is her mere presence around Ms. Bailey and Petitioner on various occasions, which is not a sufficient basis for me to infer the juror had any knowledge about such contact, or if she did, that it caused her to be "dishonest in not revealing her knowledge during voir dire."  Since Petitioner has not shown actual bias, counsel's

_____

curiam)(rejecting <u>per</u> <u>se</u> theory of implied bias in favor of requirement that actual prejudice be demonstrated), with <u>Fuller v. Bowersox</u>, 202 F.3d 1053, 1056-58 (8th Cir. 2000) and <u>Johnson v. Armontrout</u>, 961 F.2d 748, 756 (8th Cir.1992), both finding bias may sometimes be presumed).

failure to pursue this issue waived his due process juror bias claim.

I further find Petitioner was attempting to raise an ineffective assistance of counsel claim based on counsel's waiver of the juror bias issue when he mistakenly labeled it a failure to "sequester" the jury.  The court previously found, however, that Petitioner procedurally defaulted any ineffective assistance of counsel claims he might have when he did not perfect his Rule 37 appeal, and that he did not establish sufficient cause for the default.  PRD (DE #32) at 14-19.

As noted in the PRD, if a petitioner is unable to satisfy the cause or prejudice requirement of the procedural default doctrine, the court may still consider the claim if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 495 (1986). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327. "To establish the requisite probability,

13

the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. This requires a stronger showing than is required to establish prejudice. Id. PRD (DE #32) at 19.

Petitioner submitted various arguments in support of his assertion of actual innocence, but this court found none of them satisfied the "new evidence" standard in Schlup v. Delo, 513 U.S. 298, 324 (1995), except an affidavit from Keith Moore. Mr. Moore attested he saw Petitioner on the night of February 16, 2002; Petitioner was very intoxicated and he stated he was going to the EZ-Mart to call his brother to come pick him up; he was wearing brown clothes and matching brown shoes; a "year or so" after Petitioner's convictions "Timmthie Hayse" confessed to Mr. Moore that he had committed the EZ-Mart robbery, and he had thrown a red and black jacket and a white mask behind the EZ-Mart's dumpster the night Petitioner was arrested.  Exhibit B to Petition (DE #2); Attachment to Petitioner's Motion to Amend Claim of Actual Innocence (DE #26).[3]  The court found counsel should be appointed to assist Petitioner in pursuing this assertion of actual innocence.

---

[3]  The court mistakenly identified this document in the PRD as Attachment to Petitioner's Motion for Court Order to Compel Defendant to Release Document, DE #25.

The court has now considered Petitioner's Objections to the PRD, the parties' briefs, and the trial transcript submitted by Respondent (DE #50).  I find there is no need to address the actual innocence argument because, even if I were to conclude Petitioner is entitled to the actual innocence gateway exception, and I may reach the defaulted issues, Petitioner cannot prevail.  See Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.)(en banc) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated."), cert. denied, 528 U.S. 846 (1999).

Ordinarily, to succeed on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must show that his attorney's performance was constitutionally deficient, and there is a reasonable probability that the outcome would have been different but for the deficiency.  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  The type of claim Petitioner raises here is not the type of claim for which prejudice may be presumed.  Id. at 692 (finding prejudice may be presumed where there is the actual denial of the assistance of counsel, where the state has interfered with counsel's performance, and where counsel has "'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Because, as

15

discussed above, there is nothing from which I can infer the juror in question was dishonest during voir dire or was biased against Petitioner, he has not shown he was prejudiced by counsel's failure to pursue the question of juror bias.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.  All pending motions will be denied.

SO ORDERED this 16th day of March, 2010.

_Henry L. Jones, Jr._
_____
United States Magistrate Judge

16